Filed 1/25/16  P. v. Barrientos CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>VICTOR BARRIENTOS, JR.,<br><br>  Defendant and Appellant. | B262424<br><br>(Los Angeles County<br>Super. Ct. No. GA093670) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stan Blumenfeld, Judge.  Affirmed as modified.

Law Offices of Sarah A. Stockwell, Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The District Attorney in Los Angeles charged defendant Victor Barrientos, Jr. (defendant) with (a) carrying a concealed firearm in a vehicle after suffering a prior felony conviction, in violation of Penal Code section 25400; (b) possessing an assault weapon (namely, a semi-automatic high capacity magazine), in violation of Penal Code section 30605; and (c) being a felon in possession of a firearm, in violation of Penal Code section 29800. The District Attorney alleged that the three charged offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang as described in Penal Code section 186.22, subdivision (b). The amended information filed against defendant further alleged that he had served a prior prison term as described in Penal Code section 667.5.

The charges against defendant arose out of an incident on June 20, 2014, when a Burbank police officer initiated a traffic stop of a vehicle in which defendant was a passenger. The officer ordered defendant out of the vehicle, and a second officer recovered a loaded nine-millimeter semi-automatic pistol from the front pocket of defendant's pants during a pat-down search.[1] Testimony by the arresting officer and the prosecution's gang expert established that defendant and another passenger in the vehicle were members of the Pacoima Brownstone Paxton criminal street gang, and the gang expert opined that defendant possessed the recovered pistol for the benefit of the gang.

Before giving the case to the jury, the trial court dismissed the counts of the amended information charging violations of Penal Code sections 25400 and 30605. That left the Penal Code section 29800 charge (felon in possession of a firearm) and the criminal street gang allegation as the sole matters for decision by the jury. The jury found defendant guilty on the felon in possession of a firearm charge and found the gang allegation true. Defendant admitted the truth of the prior prison term allegation. The trial

---

[1]     Defendant filed a Penal Code section 1538.5 motion to suppress prior to trial. He argued the police search of his person, which resulted in the recovery of the pistol, was unlawful because the police lacked reasonable suspicion to conduct a pat-down search; he also argued the circumstances of the search were tantamount to an arrest for which probable cause was lacking. The trial court denied the motion to suppress.

court sentenced defendant to six years in state prison, consisting of the mid-term of two years for the offense of conviction, the mid-term of three years for the gang allegation, and one additional year for the prior prison term. The court imposed the requisite fines, fees, and assessments, ordered that the sentence imposed in this case run concurrent to the sentence in a separate case, and gave defendant a total of 288 days of sentencing credit (144 days actual and 144 days conduct).

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues. On September 9, 2015, this court advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider. We received no response.

We have examined the record and are satisfied defendant's attorney on appeal has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106, 122-124.) We do find, however, an error in the amended abstract of judgment, which states defendant was ordered to serve his sentence in state prison pursuant to Penal Code section 186.11. That section, which provides for an aggravated white collar crime enhancement, is inapplicable; defendant's commitment to state prison is instead based on his commission of a current serious or violent felony. We accordingly order the abstract of judgment corrected.

3

### DISPOSITION

The clerk of the superior court shall amend the abstract of judgment to strike the reference that defendant was sentenced to prison due to a Penal Code section 186.11 enhancement and to indicate instead that defendant was sentenced to prison due to a current serious or violent felony. The clerk of the superior court shall deliver a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

KRIEGLER, Acting P.J.

KUMAR, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4